RONALD L. GRIFFIN AND SHARON M. GRIFFIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
GRIFFIN v. COMMISSIONER
Docket No. 6805-93.
United States Tax Court
T.C. Memo 1995-404; 1995 Tax Ct. Memo LEXIS 400; 70 T.C.M. (CCH) 475; August 21, 1995, Filed *400 Decision will be entered under Rule 155. Ronald L. Griffin and Sharon M. Griffin, pro se. Kay Hill, for respondent. WRIGHT, Judge WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: Respondent determined deficiencies in and additions to petitioners' Federal income tax as follows: Additions to Tax
Year
Deficiency
Sec. 6662(a)
1989
$ 5,913
$ 1,210
1990
1,183
242
By amendment to answer, respondent determined an increase in the deficiency for taxable year 1989 in the amount of $ 22,777. The issues for our consideration are as follows: (1) Whether petitioners are entitled to various Schedule C deductions for taxable years 1989 and 1990 in excess of the amounts allowed by respondent. We hold that they are to the extent stated herein. (2) Whether petitioners are entitled to deduct legal fees in the amount of $ 24,000 on Schedule A of their 1989 individual tax return. We hold that they are not. (3) Whether petitioners incurred a loss or received income from Griffin Alaska, Inc., petitioners' wholly owned S corporation, for taxable year 1989. We hold that they received income to the extent stated herein. (4) Whether petitioners are liable for the penalty *401 under section 6662(a)[1] for negligence or a substantial understatement of income tax for taxable years 1989 and 1990. We hold that they are. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein. At the time the petition was filed, petitioners resided in Fairbanks, Alaska. Petitioners filed joint Federal income tax returns for taxable years 1989 and 1990. Petitioners filed amended joint returns for taxable years 1986, 1987, and 1989 in May 1994. During the years at issue, petitioner Ronald Griffin was an equipment operator in the construction business, and petitioner Sharon Griffin was a sales clerk. In addition, petitioners owned and operated Old Timers, a business which consisted of the sale of popcorn, meat, other snack products, T-shirts, *402 and other miscellaneous items. During 1989, petitioners began exploring the possibility of retiring and moving Old Timers to a different location. Ultimately, petitioners settled on Parker, Arizona, and in 1990 began traveling there each year during the winter months. Petitioners installed a trailer hitch on their pickup truck at a cost of $ 632 in order to haul the popcorn wagon to Arizona. On Schedule C of their 1989 and 1990 Federal income tax returns, petitioners claimed net losses from Old Timers. Respondent adjusted petitioners' claimed business expenses with respect to Old Timers for each taxable year as follows: Amount
Amount
Year
Item
Claimed
Adjustment
Allowed
1989
Car & truck
$ 632
$ 273
$ 359
Insurance
447
335
112
Auto lease
287
215
72
Travel
2,592
1,944
648
Total
3,958
2,767
1,191
1990
Insurance
$ 1,054
$ 632
$ 422
Auto lease
4,831
2,899
1,932
Travel
2,539
655
1,884
Meals
221
133
88
Total
8,645
4,319
4,326
Petitioners were also shareholders in Griffin Alaska, Inc. (Griffin Alaska), an S corporation. Griffin Alaska was a construction company which ceased operations in 1986. During 1986, Griffin Alaska *403 filed for protection under chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the District of Alaska. Griffin Alaska also brought suit against the Fairbanks Borough for breach of a construction contract. The lawsuit was settled in 1989, and on October 19, 1989, the Fairbanks Borough paid $ 94,000 to the attorney for Griffin Alaska. The $ 94,000 proceeds from the lawsuit were distributed on the same date as follows: National Bank of Alaska
$ 44,000
Internal Revenue Service
15,000
State of Alaska,
Dept. of Labor - ESC Taxes
11,000
Legal fees
24,000
Total
94,000
Petitioners claimed a deduction for the legal fees in the amount of $ 24,000 on Schedule A of their 1989 individual income tax return. In May 1994, petitioners filed Form 1120S, U.S. Income Tax Return for an S corporation, on behalf of Griffin Alaska for taxable year 1989 reflecting a net loss in the amount of $ 99,190. On the return, Griffin Alaska included the $ 94,000 proceeds from the lawsuit in income and claimed deductions totaling the same amount for all the items listed above, including the legal fees. In addition, Griffin Alaska claimed a loss in the amount of $ 99,190 with respect *404 to the sale of certain business property. As a result, petitioners claimed a refund for taxable year 1989. With the permission of the Court, respondent filed an amendment to answer disallowing the flow through items that formed the basis of petitioners' claim for refund; i.e., the $ 99,190 loss on the sale of Griffin Alaska's business property and all of the $ 94,000 in deductions, except for the $ 24,000 legal fees. Consequently, respondent determined an increased deficiency in petitioners' Federal income tax for taxable year 1989 in the amount of $ 22,777. OPINION Respondent's determinations are presumed correct, and petitioners bear the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Furthermore, all taxpayers are required to keep records sufficient to establish the amount of gross income, deductions, credits, or other matters required to be shown in any return of tax imposed by subtitle A of the Code. Sec. 6001; sec. 1.6001-1, Income Tax Regs.
Issue 1. Old Timers Schedule C Expenses Trailer Hitch
During taxable year 1989, petitioners modified their pickup truck by installing a trailer hitch to enable *405 them to transport their popcorn wagon used in the Old Timers business from Alaska to Parker, Arizona. The cost of the modification was $ 632, and petitioners claimed a deduction for the entire amount. Respondent, however, determined that petitioners are only entitled to a deduction in the amount of $ 359. [2] Respondent argues that the cost of the modification to the pickup truck is a capital expenditure and not a currently deductible expense. Deductions are a matter of legislative grace; a taxpayer seeking a deduction has the burden to point to an applicable statute and show that the taxpayer is within its terms. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); *406 Estate of Manscill v. Commissioner, 98 T.C. 413, 418 (1992), supplemented by T.C. Memo. 1992-571. Further, whether an expense is deductible or must be capitalized is a question of fact. Plainfield-Union Water Co. v. Commissioner, 39 T.C. 333, 337 (1962). Section 162(a) allows a deduction for all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. However, section 263(a) provides that no deductions shall be allowed for any amount paid out for capital expenditures. Section 1.263(a)-1(b), Income Tax Regs., provides that capital expenditures include amounts paid or incurred (1) to add to the value, or substantially prolong the useful life, of property owned by the taxpayer, or (2) to adapt property to a new or different use. See also Oberman Manufacturing Co. v. Commissioner, 47 T.C. 471, 483 (1967). Prior to the addition of the trailer hitch, petitioners were unable to transport the popcorn wagon; however, following the modification, petitioners were able to use the pickup truck to haul the popcorn wagon. *407 By adding the trailer hitch to the pickup truck, petitioners enhanced the usefulness of the pickup truck and thus adapted it to a different use. Further, the addition of the trailer hitch added to the value of the pickup truck by increasing its utility. Accordingly, we find that the cost of installing the trailer hitch was a capital expenditure and not a deductible expense. Thus, respondent's determination is sustained with respect to this item. Other Schedule C Expenses
On Schedule C of their 1989 and 1990 income tax returns, petitioners claimed deductions for several other expenses with respect to Old Timers. Respondent does not contest that petitioners actually paid the amounts in question; the gravamen of respondent's position is that the expenses were not incurred solely for business purposes and therefore are not fully deductible under sections 162 and 274. Respondent contends that only 25 percent and 40 percent of the expenses in question were incurred for business purposes for taxable years 1989 and 1990, respectively. Petitioners argue that 100 percent of the expenses in question for each year were incurred for business purposes. Travel and Meals
Petitioners claimed *408 deductions in the amounts of $ 2,592 and $ 2,539 for travel during the taxable years 1989 and 1990, respectively, and $ 221 for meals in 1990. Petitioners have offered no credible evidence to disprove respondent's allocation, and as such have failed to meet their burden of proof with respect to this issue. Accordingly, respondent's deferments are sustained. Automobile Lease and Insurance
Petitioners claimed deductions in the amounts of $ 287 and $ 4,831 for an automobile lease during taxable years 1989 and 1990, respectively, and $ 447 and $ 1,054 for automobile insurance during taxable years 1989 and 1990, respectively. Section 274(d)(4) provides that no deduction shall be allowed with respect to any listed property (as defined in section 280F(d)(4)), unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement (1) the amount of such expense, (2) the time and place of the use of the property, (3) the business purpose of the expense, and (4) the relationship to the taxpayer of persons using the property. In support of their claimed business usage, petitioners submitted an automobile log. The log, however, does not *409 contain all of the information necessary to fully comply with the substantiation requirements of section 274(d)(4); it merely lists dates, odometer readings, and the cost of each gasoline fill-up. Nevertheless, petitioner testified that the automobile lease was incurred strictly for use in the Old Timers business and that petitioners maintained a second car for personal use. The testimony also indicated that the majority of the mileage on the vehicle for the years at issue was incurred to move the Old Timers popcorn wagon from Alaska to Arizona. We find that petitioners' trips from Alaska to Arizona during 1989 and 1990 were equally for business and personal purposes. Consistent with our prior conclusion, we find that petitioners are entitled to deduct as business expenses 50 percent of their automobile lease and insurance expenditures for the taxable years 1989 and 1990. Issue 2. Deductibility of Legal Fees
On Schedule A of their 1989 income tax return, petitioners claimed a deduction for legal expenses incurred by Griffin Alaska with respect to its bankruptcy proceeding and lawsuit against the Fairbanks Borough. The general rule is that a taxpayer may not deduct the expenses *410 of another taxpayer. Bennett Land Co. v. Commissioner, 70 T.C. 904, 908 (1978). Petitioners did not incur the legal fees in the course of their trade or business. The fees were incurred by Griffin Alaska, petitioners' wholly owned S corporation. Further, petitioners filed Form 1120S on behalf of Griffin Alaska and claimed the $ 24,000 in legal fees thereon. Respondent has allowed the deduction on Griffin Alaska's return; thus, allowing petitioners a deduction for the same fees on their individual return would result in a double deduction. Respondent's determination is therefore sustained with respect to this issue. Accordingly, we hold that petitioners are not entitled to a deduction on Schedule A of their individual income tax return for legal fees incurred by Griffin Alaska. Issue 3. Gain or Loss from S Corporation
During 1989, petitioners were the sole shareholders of Griffin Alaska, an S corporation. In May 1994, petitioners filed Form 1120S, U.S. Income Tax Return for an S Corporation, on behalf of Griffin Alaska for taxable year 1989. The return reflected a net loss in the amount of $ 99,190. Griffin Alaska reported gross income in the *411 amount of $ 94,000 from the settlement of a lawsuit and various deductions in the amount of $ 94,000. Additionally, Griffin Alaska claimed a loss from the sale of certain business property in the amount of $ 99,190. Petitioners assert that they are entitled to a refund for taxable year 1989 as a result of the net loss incurred by Griffin Alaska. Respondent, however, has disallowed the loss on the sale of business property and denied all of the deductions, except for legal fees in the amount of $ 24,000. Consequently, respondent determined that Griffin Alaska had net income for taxable year 1989 in the amount of $ 70,000 ($ 94,000 lawsuit proceeds less $ 24,000 legal expense) and thus determined an additional deficiency in petitioners' 1989 income tax. Respondent has denied the following deductions: National Bank of Alaska
$ 44,000
Internal Revenue Service
15,000
State of Alaska,
Dept. of Labor - ESC Taxes
11,000
Total disallowed deductions
70,000
National Bank of Alaska (NBA) held a security interest in the proceeds from Griffin Alaska's lawsuit against the Fairbanks Borough and thus received $ 44,000 as a result of the settlement. Petitioner testified that the $ *412 44,000 payment to NBA was in relation to an equipment loan with an outstanding principal balance of $ 15,000; the remaining $ 29,000 petitioner claims was for interest and legal fees. We have been presented with no documentary evidence to compute a proper allocation between deductible interest and legal fees and nondeductible repayments of principal. Petitioner Sharon Griffin maintains that she requested the documents necessary to determine the breakdown of the $ 44,000, but the bank has not been cooperative. Although there is a lack of documentary evidence on this point, we find petitioner's testimony to be credible. Further, attached to Griffin Alaska's 1989 return is a copy of a portion of its 1984 financial statements. Note 3 on the financial statements lists two notes payable. The first note payable has a current portion of $ 2,806 and a long-term portion of $ 3,028; the second note has a current portion of $ 6,332 and a long-term portion of $ 9,927. The sum of these amounts is $ 22,093. Based on this record, we believe that some portion of the $ 44,000 represents deductible interest and legal fees. Consequently, we find that Griffin Alaska may deduct $ 10,000 of the payment *413 to NBA. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). The Internal Revenue Service (IRS) was a priority creditor in Griffin Alaska's bankruptcy proceeding and thus received $ 15,000 from the settlement between Griffin Alaska and the Fairbanks Borough. The $ 15,000 payment consisted of $ 7,500 in employee withholding taxes due from petitioners personally and $ 7,500 in taxes due from Griffin Alaska. Petitioners have not cited any statute or authority that would permit a deduction for any portion of these payments to the IRS. See New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Consequently, we sustain respondent's determination that no deduction is allowed for the $ 15,000 payment to the IRS. The State of Alaska was also a priority creditor in Griffin Alaska's bankruptcy proceeding and thus received $ 11,000 from the settlement between Griffin Alaska and the Fairbanks Borough. As a general rule, State taxes are allowed as a deduction. Sec. 164(a). Petitioner testified that $ 4,100 of the payment to the State of Alaska was for State taxes due, and the remainder was for interest and legal fees. *414 Respondent argues, however, that some portion of the $ 11,000 is composed of nondeductible penalties on delinquent State taxes, and, because petitioners have presented no evidence to show which portion represents deductible State taxes and interest, they have failed in their burden of proof and should not be allowed any deduction. We find petitioners' testimony to be credible on this issue, and we therefore conclude that $ 4,100 represents deductible State taxes. Cohan v. Commissioner, supra.Petitioners may not deduct the balance of the payment to the State of Alaska in the amount of $ 6,900. Finally, petitioners have presented no evidence to support the $ 99,190 loss on the sale of equipment. Consequently, we sustain respondent's determination that petitioners are not entitled to a loss with respect to this equipment. Accordingly, we find that petitioners received income from Griffin Alaska for taxable year 1989 in the amount of $ 55,900. [3]
*415 Issue 4. Additions to Tax
Respondent determined that petitioners are liable for the accuracy related penalty under section 6662(a) for taxable years 1989 and 1990. Section 6662(a) provides for an accuracy related penalty in the amount equal to 20 percent of that portion of the underpayment to which the section applies. The section applies to the portion of any underpayment that is attributable to negligence or disregard of rules or regulations. Sec. 6662(b)(1). For purposes of section 6662, the term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code. Sec. 6662(c). This Court has defined negligence as the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). We find that petitioners' failure to maintain and present evidence to support the deductions disallowed in the instant case justifies the addition to tax for negligence. Accordingly, we hold that petitioners are liable for the accuracy related penalty due to negligence under section 6662(a) for taxable years 1989 *416 and 1990. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent claims that the amount of $ 359 allowed in the notice of deficiency for the installation of the trailer hitch exceeds the sum of $ 126 and $ 162 that should have been allowed as a depreciation deduction for taxable years 1989 and 1990, respectively. Nevertheless, respondent has conceded the difference of $ 71.↩
3. ↩
Settlement proceeds
$ 94,000 Less: Legal fees
$ 24,000
National Bank of Alaska
10,000
State of Alaska
4,100
(38,100) Dept. of Labor - ESC Taxes Income from Griffin Alaska
55,900